UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ASTRO ELECTROPLATING, INC.,

                Plaintiff,                      <u>MEMORANDUM AND ORDER</u>

      -against-                              CV 07-3707 (LDW) (AKT)

KALOT INDUSTRIES, INC. d/b/a.
STAMPEDE PRODUCTS,

                Defendant.
----------------------------------------------------X
WEXLER, District Judge

      Plaintiff Astro Electroplating, Inc. brings this diversity action against defendant Kalot Industries, Inc. d/b/a Stampede Products for an amount it claims is due and owing for labor and services. Defendant moves to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) and, alternatively, to transfer venue under 28 U.S.C. § 1404(a).

      Regarding subject matter jurisdiction, defendant contends that the amount in controversy is only $58,516.50, as reflected in an affidavit and "Accounts Payable Aged Invoice Report" maintained by defendant. Plaintiff claims that it is owed $112,866.50, as reflected in an affidavit and "Accounts Receivable Ledger" it maintains. According to defendant, plaintiff's affidavit and ledger fail to take into consideration product quality rejects and price adjustments made by defendant and approved by plaintiff. Upon consideration, based on the record presented, the Court cannot conclude that, as a matter of law, the amount in controversy does not exceed $75,000. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.

      Regarding the motion to transfer venue, defendant maintains that for the convenience of witnesses and parties and in the interests of justice, this action should be transferred to the Southern District of Iowa, where its business, employees and material witnesses are located.

Plaintiff maintains that the action should remain here, where its business, employees and material witnesses are located, and where it chrome-plated merchandise for defendant. In determining whether a transfer will serve the convenience of witnesses and parties and the interests of justice, a court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum; and (9) the interests of justice. In re Hanger Orthopedic Group. Inc. Sec. Litig., 418 F. Supp. 2d 164, 167-68 (E.D.N.Y. 2006). A court has broad discretion in making its transfer determination and "notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). Upon consideration of these factors, including the deference owed to plaintiff's choice of the forum in which it resides, the Court denies the motion. It appears that a transfer to Iowa would merely shift the balance of convenience.

Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction or to transfer venue is denied. Given that this action has been referred to court-annexed arbitration, the Court's arbitration clerk will advise the parties of the date for arbitration.

SO ORDERED.

_____________/s/_________________
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
June 26, 2008